UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>    v.<br><br>MARIA ORTEGA-SANCHEZ,<br><br>              Defendant. | Case No.: C 12-CR-00166 PSG<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>**(Re: Docket Nos. 29, 40, 41)** |

Before the court are the parties' in limine motions. Plaintiff United States of America ("the government") and Defendant Maria Ortega-Sanchez ("Ortega-Sanchez") each bring two motions in limine. On May 7, 2013, the parties appeared for a hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Ortega-Sanchez's first motion in limine is GRANTED.

Ortega-Sanchez requests that evidence of her prior conviction for driving under the influence be admitted solely for purposes of proving Count Two (driving a motor vehicle when license suspended or revoked for driving under the influence of alcohol or drugs).[1] Evidence of

---

[1] *See* Cal. Veh. Code. § 14601.2.

1

Case No.: 12-166 PSG
ORDER ON MOTIONS IN LIMINE

Ortega-Sanchez's prior conviction is necessary to prove elements of Count Two,[2] but as Ortega-Sanchez rightly observes, such evidence would be highly prejudicial character evidence if used to infer that because she drove under the influence previously, she did it again on this occasion.[3] An appropriate instruction will be given.

IT IS HEREBY ORDERED that Ortega-Sanchez's second motion in limine is GRANTED-IN-PART.

Ortega-Sanchez challenges the admission of the government's exhibits 3-9, including the FHL PD dispatch details, photographs of the defendant on October 16, 2011, the defendant's DMV printout, and minutes of superior court cases for driving under the influence, driving while licenses suspended/revoked, and driving while license suspended/revoked due to DUI. The question is whether the probative value is substantially outweighed by unfair prejudice, confusing the issues, or waste of time.[4] Although the government is entitled to present a full narrative, the probative value of a piece of evidence must be considered in conjunction with available alternatives – if a substantially similar alternative exists, with a lower danger of unfair prejudice, "sound judicial discretion would discount the value of the item."[5] Ortega-Sanchez has offered to stipulate that she was previously convicted of driving under the influence and that she knew that her driving privilege had been suspended and revoked.[6] On condition that such a stipulation is entered, the

---

[2] *See United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993)

[3] *See* Fed. R. Evid. 404(a).

[4] *See* Fed. R. Evid. 403.

[5] *Old Chief v. United States*, 519 U.S. 172, 182-83 (1997) (holding that in criminal trial for possession of a firearm by any person with a prior felony conviction, the trial court abused its discretion in admitting the full nature of defendant's prior felony conviction for assault with a dangerous weapon despite defendant's willingness to stipulate to prior conviction element of the offense).

[6] *See* Docket No. 41 at 2.

2
Case No.: 12-166 PSG
ORDER ON MOTIONS IN LIMINE

court agrees – and the government does not dispute – the prior court proceedings, the DMV printout, and the booking photos will be unnecessary and indeed unduly prejudicial. However, Ortega-Sanchez has not shown why Exhibit 3, the FHL PD dispatch, should also be excluded. Although she argues the evidence is cumulative, it is relevant to the night of the incident and if it is not otherwise objectionable, it holds value in preserving the integrity of the government's narrative.[7]

IT IS HEREBY ORDERED that the government's first motion in limine is GRANTED-IN-PART.

The government seeks to exclude evidence of prior disciplinary proceedings against Officer Raymond J. Polanco ("Polanco"), but does not refer to any specific disciplinary proceeding that might be offered. Ortega-Sanchez suggests in her response that the government is seeking to exclude complaints that Polanco illegally processed two prior DUI cases. As noted above, evidence presented solely for the purpose of establishing a person's character or character trait is not admissible to prove that the person acted in line with that character or trait on a particular occasion.[8] However, a witness' credibility may be attacked by questioning the witness as to specific instances of the witness' conduct, so long as they are probative of the witness' truthfulness or untruthfulness.[9] It is unclear from the record before the court whether these "complaints" bear on the officer's honesty or dishonesty, so Ortega-Sanchez will have an opportunity outside of the jury's presence to question Polanco about the incident. If it becomes clear the letter has no value except to show Polanco was "sloppy and careless" or "incompetent" and likely misprocessed the

---

[7] *See Old Chief*, 519 U.S. at 187 ("The 'fair and legitimate weight' of conventional evidence… amounting to a crime reflects the fact that making a testimony and tangible things… tells a colorful story with descriptive richness.")

[8] *See* Fed. R. Evid. 404(a).

[9] *See* Fed. R. Evid. 608.

3

Case No.: 12-166 PSG
ORDER ON MOTIONS IN LIMINE

DUIs, the evidence is not admissible.[10] On the other hand, if Polanco lied or engaged in dishonesty, the evidence may be admissible. Like any other witness, by testifying Polanco necessarily puts his credibility at issue, so he may be questioned as to prior acts of dishonesty.

IT IS HEREBY ORDERED that the government's second motion in limine is GRANTED-IN-PART.

The government asserts that Ortega-Sanchez has not complied with Federal Rules of Civil Procedure 16 and 26.2. Rule 16(b) provides that if the defendant requests the government provide disclosures under Rule 16(a), "the defendant must permit the government, upon request, to inspect and to copy" any documents that are (1) within defendant's possession, custody, or control, and (2) the defendant intends to use the document within her case-in-chief at trial. The government asserts that although they have provided disclosure pursuant to Rule 16(a), as of May 3, 2013, the defendant has not provided the government with reciprocal discovery.[11] If not properly disclosed before trial, any evidence that should have been provided under Rule 16 will be excluded.

Under Federal Rule of Criminal Procedure 26.2, "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." The government is correct that Ortega-Sanchez must provide any prior statements of the witnesses she calls, although nothing in Rule 26.2 requires her to do so now. Nevertheless, consistent with the custom

---

[10] *See* Docket No. 41 (defendant's assertion that "[a]lthough the [complaint] letter is vague on the exact nature of his failure to follow procedure as to one of the cases, the events are relevant to prove that Officer Polanco is sloppy and careless.")

[11] Docket No. 40 at 3.

4

Case No.: 12-166 PSG
ORDER ON MOTIONS IN LIMINE

of this district, Ortega-Sanchez represents that she has tendered any statement of her anticipated witnesses, and on that basis the court finds further relief is unwarranted.

IT IS SO ORDERED.

Dated: May 7, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge